**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7439**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN THOMAS, SR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-95-370; CA-04-2452-7-20)

_____

Submitted:  January 13, 2005          Decided:  January 19, 2005

_____

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Warren Thomas, Sr., Appellant Pro Se. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warren Thomas, Sr., seeks to appeal the district court's order denying his "Mandamus and Rule 60(b)" motion filed in his underlying 28 U.S.C. § 2255 (2000) action. The district court construed the motion under § 2255 and denied the motion as successive, noting that Thomas would need to seek authorization from this court to file a such a motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Thomas has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

We construe Thomas' notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003). In

order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000). Thomas' claims do not satisfy either of these conditions. Therefore, we decline to authorize Thomas to file a successive § 2255 application. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>